UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAJUAN DRAKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-cv-00391-JAR |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Dajuan Drake's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 7), and Petitioner filed objections and traverse (Doc. 14). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

## I. Introduction and Background

On December 13, 2009, Petitioner shot his girlfriend three times, killing her. He was charged with first-degree murder in violation of R.S.Mo. §565.020 and armed criminal action in violation of R.S.Mo. § 571.015. On September 1, 2011, he pled guilty to an amended charge of murder in the second degree and to armed criminal action. The State provided the following factual basis for the charges at the plea hearing:

> Your Honor, if this case proceeded to trial the State would prove beyond a reasonable doubt, as to Count I, that the defendant committed the Class A felony of murder in the second degree, in that on or about December 13th, 2009 . . . the defendant knowingly caused the death of [Victim] by shooting her.
>
> As to Count II, the State would prove the defendant committed the felony of armed criminal action, in that on that same date, at that same location, the defendant committed the felony of murder in the second degree charged in Count I, and he committed that felony by the knowing use, assistance, and aid of a

deadly weapon.

> Specifically, Your Honor, the State would prove that while at the defendant's home at 6212 Emma, the defendant took a revolver, shot [Victim] once in the side, twice in the back of the head, she died as a result of those injuries.

(Resp. Ex. A at 98-9). Petitioner admitted that this factual basis was true and accurate, and the state trial court explained to Petitioner that there was a range of punishment available for the counts asserted against him. (*Id.* at 100). Petitioner stated that he understood the plea agreement, the charges against him, and the range of punishment for those charges. (*Id.* at 100-01). After confirming with Petitioner that plea counsel never made any threats or promises to get Petitioner to plead guilty and that petitioner was pleading guilty voluntarily and of his own free will, the state trial court found there was a factual basis for Petitioner's guilty pleas, accepted the pleas, and found Petitioner made the pleas voluntarily, intelligently, and knowingly. (*Id.* at 100-02). In accordance with the parties' plea agreement, the state trial court sentenced Petitioner to two concurrent terms of life imprisonment. (*Id.* at 108).

After being sentenced, the state trial court engaged in further questioning of the Petitioner regarding plea counsel. Petitioner confirmed that he had enough time to discuss the charges with his attorney before pleading guilty, that plea counsel did not make any threats or promises to him to get him to plead guilty, and that plea counsel fully explained his rights, including the option to plead not guilty and go to trial. (*Id.* at 111-12). Petitioner also confirmed that plea counsel answered all of his questions and did everything Petitioner asked plea counsel to do. (*Id.* at 112). In addition, Petitioner stated that he was aware of witnesses that could have testified for him had he gone to trial and that he spoke with plea counsel about those witnesses and what they would say on Petitioner's behalf. (*Id.*). Lastly, Petitioner stated that plea counsel had done a good job

for him and that the sentence imposed was what he expected under the plea agreement. (*Id.*). Before answering any questions, Petitioner was given the option to speak with the state court judge outside the presence of plea counsel, which Petitioner refused. (*Id.* at 111).

On October 12, 2011, Petitioner timely filed a Rule 24.035 motion to set aside his sentence. On May 7, 2012, appointed counsel filed an amended motion requesting an evidentiary hearing and alleging inter alia, that Petitioner was denied his right to effective assistance of counsel because plea counsel unreasonably pressured Petitioner to plead guilty and abandon his desire to proceed to trial under a theory of self-defense. Petitioner claims that he killed the victim in self-defense after the victim approached him with a knife and that Petitioner had told officers at the scene that he had shot the victim in self-defense.

On July 25, 2013, the motion court held an evidentiary hearing on Petitioner's claims, and plea counsel, Petitioner, and Petitioner's mother testified. (Resp. Ex. B). Plea counsel testified that he met with Petitioner approximately ten times regarding his case, including evidence, defense strategies, and possible witnesses. (*Id.* at 6). Plea counsel recalled discussing with Petitioner the possibility of proceeding under a theory of self-defense, as well as the evidence required to prove the defense. (*Id.* at 7-8). Plea counsel took the depositions of the medical examiner and the detective present at the crime scene and communicated what he learned to Petitioner. (*Id.* at 9). However, after reading the police reports and conducting those depositions, plea counsel was concerned that the bullet trajectory refuted Petitioner's claim of self-defense because the trajectories traveled from the back of the victim's head to the front. (*Id.*). Plea counsel testified that he did not denounce what Petitioner told him, but would challenge Petitioner's version of events against the evidence. (*Id.* at 14-15). Specifically, Petitioner's account that he shot the victim as she lunged at him with a knife conflicted with the

bullet trajectories, which showed that the bullets traveled from the back of the victim's head to the front. (*Id.*). Plea counsel advised Petitioner that self-defense was not a good option and that there was a risk he could be convicted of first-degree murder if the case proceeded to trial. (*Id.* at 30). Plea counsel told Petitioner that it was Petitioner's decision whether or not to proceed to a trial, and plea counsel stated he never told Petitioner that he had to plead guilty. (*Id.* at 15). Petitioner asked counsel to negotiate a sentence of 20 years' imprisonment, and plea counsel subsequently relayed to Petitioner his negotiations with the State, as well as the law and possible ranges of punishment. (*Id.* at 23-25).

Petitioner testified that plea counsel's attitude toward Petitioner's case was nonchalant and that plea counsel consistently disagreed with the things Petitioner told him about the events that took place on the night of the murder. (*Id.* at 37). He testified that he pled guilty because he was scared, did not understand the process, and that he would rather have gone to trial. (*Id.* at 39-40). Petitioner's mother testified about hiring plea counsel's firm and the payment agreement. (*Id.* at 42-43).

The motion court determined that the record reflected that Petitioner understood the charges against him, the range of punishment on those charges, and the sentencing recommendation by the State. (Resp. Ex. A at 65). It concluded that Petitioner's contention that plea counsel was ineffective because he unreasonably influenced or manipulated Petitioner into abandoning his self-defense theory and entering guilty pleas was without merit and refuted by the record. (*Id.* at 74). The motion court noted Petitioner made repeated assurances at his plea and sentencing hearings that he was satisfied with plea counsel's performance, that plea counsel had done everything Petitioner requested, and that plea counsel did not make any promises or threats which caused Petitioner to plead guilty. (*Id.* at 75-77). It also held that there was

credible testimony and evidence at the hearing that plea counsel had done a thorough investigation of Petitioner's case and determined, based on the physical evidence, including the trajectory of the bullet that killed the victim, and the deposition of the medical examiner, that Petitioner's contention that he acted in self-defense was not viable. (*Id.* at 75). The motion court held that counsel was not ineffective for advising his client of the strength of the State's case, which resulted in the client pleading guilty. (*Id.* at 76).

The Missouri Court of Appeals affirmed the state court's denial of Petitioner's post-conviction motion on September 30, 2014. (Resp. Ex. E). Deferring to the credibility determinations made by the state court, the state appellate court held that Petitioner's assertion that he received ineffective assistance of counsel was without merit and that Petitioner failed to demonstrate that he was misled by plea counsel or otherwise induced to plead. (*Id.* at 9).

Petitioner then filed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), in which he claims that plea counsel was ineffective because counsel "induced" his plea and "denounce[d] everything petitioner would say leading up to trial." (Doc. 1 at 16). As a result, Petitioner contends that plea counsel refused to investigate, prepare, or present Petitioner's theory of self-defense. Petitioner maintains that but for plea counsel's errors, he would have insisted on going to trial.

## II.   Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). " 'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result.' " *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

In order to state a claim of ineffective assistance of trial counsel, petitioner must meet the *Strickland* standard: petitioner must demonstrate that his counsel's performance was deficient

and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 687. To establish prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal citations and quotations omitted).

In this case, the state appellate court identified the correct governing legal rule under *Strickland* and reasonably applied it to the facts of Petitioner's case. This Court finds no basis for Petitioner's claim that plea counsel pressured Petitioner to plead guilty and abandon his desire to proceed to trial under a theory of self-defense. The state appellate court identified that "[Petitioner] repeatedly told the [state trial] court that [plea counsel] did not make any promises or threats which caused [Petitioner] to plead guilty. [Petitioner] also repeatedly told the [state trial] court that [plea counsel] did not refuse to do anything [Petitioner] asked him to do, that [Petitioner] did not have any complaints with [plea counsel], and that [Petitioner] was satisfied with [plea counsel's] services." (Resp. Ex. E at 288).

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal citation and quotations omitted). Here, the state appellate court properly held that Petitioner failed to present evidence

sufficient to overcome the presumption of verity of his statements to the state trial court regarding the voluntary, knowledgeable, and intelligent nature of his guilty plea.

Moreover, the state appellate court reasonably deferred to the motion court's determination that Petitioner was not a credible witness at the evidentiary hearing, and that plea counsel's testimony demonstrated that he completed a thorough investigation of Petitioner's case, including the pursuit of a theory of self-defense. Based on the testimony of plea counsel, the state appellate court concluded that Petitioner failed to demonstrate that had he not been misled by plea counsel or otherwise induced to plead guilty, he would have proceeded to trial. The state appellate court's determination is fairly supported by the record and reasonably applies federally established federal law. That determination is, therefore, entitled to deference by this Court. *See Marshall v. Lonberger*, 459 U.S. 422, 433 (1983).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Dajuan Drake's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 20th day of February, 2018.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**